IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Earl Ray, | ) | C/A No.   4:12-2723-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Chief Rhodes and John Townsend, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      Plaintiff, proceeding pro se, brought this action pursuant to 42 USC § 1983 asserting a claim for false arrest in violation of his constitutional rights.   This matter is before the Court on Plaintiff's Motion to Compel Defendants to provide responses to his discovery requests, ECF No. 22, and Defendants' Motion to Stay this action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), ECF No. 24.  Defendants oppose Plaintiff's Motion to Compel. ECF No. 23.  Plaintiff did not file a response to Defendants' Motion to Stay.

      In support of their Motion to Stay, filed on January 7, 2012, Defendants argue that Plaintiff's lawsuit, pending before this court, seeks damages for facts and circumstances that are identical to the facts and circumstances in Plaintiff's criminal matter currently pending in Horry County state court.  ECF No. 24-1.  Defendants contend that allowing Plaintiff's claim to go forward while the criminal proceedings are pending in Horry County state court "would result in simultaneous litigation of the same issues."   *Id.* at 6. Defendants aver that the District Court's ruling on these issues might interfere with the on-going state proceedings.  *Id.*

      In the instant case, Plaintiff has filed a claim for false arrest, *see* ECF No. 1, and the allegations in support of his claim are related to issues that will likely be ruled upon in the state

court proceedings. Therefore, based on the guidance set forth by the Supreme Court in *Wallace v. Kato*[1], the undersigned recommends that this case be stayed pending resolution of Plaintiff's criminal charges. Accordingly, Defendants' Motion to Stay, ECF No. 24, is GRANTED. It is further ordered that Defendants apprise the court of the status of the criminal proceedings every six months and to notify the court when the criminal charges are resolved and the stay can be lifted. Because this matter is stayed, Plaintiff's Motion to Compel, ECF No. 22, is denied without prejudice with leave to re-file once the stay is lifted.

    IT IS SO ORDERED.

February 1, 2013                                                            Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

---

[1] *See Wallace v. Kato*, 549 U.S. 384, 393-394 (U.S. 2007) (finding that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." ).